# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ERIC FLORES LITIGATION (No. II)                    MDL No. 2526

## ORDER DENYING TRANSFER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiff Eric Flores, *pro se*, seeks centralization in the District of the District of Columbia of three actions he has filed in three different districts.[1]  No party responded to the motions.

After considering all arguments of the *pro se* litigant, we will deny centralization.  These actions share some factual questions concerning, *inter alia*, plaintiff's allegations that numerous unnamed anti-governmental federal executive branch officials conspired to harm him, members of his family, and a postal investigator inquiring into his complaints of mail theft by using a sophisticated satellite-based technology capable of altering these individuals' genetic code.  This satellite technology allegedly caused a variety of afflictions, ranging from cancer and heart attack, to gastrointestinal distress and cocaine addiction, in addition to causing plaintiff's various family members to commit adultery in contravention of their religious beliefs.  Further, plaintiff contends that this same group of government officials have filed bogus documents in his various court cases purporting to dismiss his claims.

Plaintiff has failed to convince us that the factual allegations in these actions are sufficiently plausible to warrant centralization.  As a practical matter, there are only three actions at issue here, and plaintiff has failed to demonstrate sufficiently that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.  *See* 28 U.S.C. § 1407(a); *In re Transocean Ltd. Secs. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

We caution plaintiff that any further frivolous filings before the Panel may result in restrictions on his ability to file materials before the Panel.  *See In re: David Kissi, et al. (No. III)*, 923 F. Supp. 2d 1367 (J.P.M.L. 2013) (taking judicial notice of plaintiffs' frivolous filings and vexatious and harassing course of conduct in various federal courts and directing the Clerk of the Panel to accept

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan did not participate in the decision of this matter.

[1] Plaintiff filed five essentially identical motions.  These motions originally included a total of six actions, but three of those actions were dismissed during the pendency of the motions for centralization.

- 2 -

no documents for filing relating to the subject matter of instant litigation without first obtaining leave of the Panel).

IT IS THEREFORE ORDERED that the motions pursuant to 28 U.S.C. § 1407 for centralization of these actions are denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer            Sarah S. Vance
Ellen Segal Huvelle

**IN RE: ERIC FLORES LITIGATION (No. II)**                     MDL No. 2526

## SCHEDULE A

<u>Southern District of Ohio</u>

FLORES V. U.S. ATTORNEY GENERAL, ET AL., C.A. No. 2:14-00084

<u>Western District of Washington</u>

FLORES V. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN
       SERVICES, ET AL., C.A. No. 2:12-02044

<u>Southern District of West Virginia</u>

FLORES V. UNITED STATES ATTORNEY GENERAL, ET AL., C.A. No.
       2:14-03647